IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JONES, MYRON WILLIAMS, KENNETH PETTY, JAMIE WIGGINS, AND SHARON WALKER, | ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO.: |
| v. | ) ) ) |
| OUTOKUMPU STAINLESS USA, LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," and 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII") which provides for relief against discrimination in employment on the basis of race and for unlawful retaliation related thereto. This action is also brought under 42 U.S.C. § 1981 which provides for relief against discrimination in employment on the basis of race and for unlawful retaliation related thereto. Plaintiffs seek compensatory and punitive damages, and request a jury trial pursuant to 42 U.S.C. § 1981a. This is also an action on behalf of Plaintiff Sharon Walker to enforce her rights and entitlement to damages and other relief under the Americans with Disabilities Act, Title 42 U.S.C. § 12101 et seq., (hereinafter "ADA") and by the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3. The unlawful employment practices alleged hereinbelow were committed by the defendant within Mobile County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

## PARTIES

4. Plaintiffs James Jones, Myron Williams, Kenneth Petty, and Jamie Wiggins are all African-American employees of Defendant, Outokumpu Stainless USA, LLC (hereinafter "OTK" or "Defendant") who were employed as First Laboratory Technicians in the Melt Shop Laboratory during 2019. At the time of their termination in November 2019, they were the last four African-American hourly employees who had worked in the Melt Shop Laboratory. Plaintiff Sharon Walker is also an African-American who was hired as a First Laboratory Technician in the Raw Materials Lab in 2012 and worked in OTK's Lab until her unlawful termination on or about February 10, 2020. At the time of her termination Walker had last worked in the Melt Shop Lab. Walker was not notified that her employment had been terminated until March, 2020.

5. OTK is a limited liability company who at all times relevant hereto did business in Mobile County, Alabama.

6. OTK is an employer within the meaning of 42 U.S.C. §§ 2000e(a) and (b) and was the employer of the Plaintiffs. At all times relevant to this action OTK employed at least fifteen (15) or more employees.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiffs have each fulfilled all conditions precedent to the institution of this action, including those statutory requirements under Title VII. Plaintiffs each filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") within 180 days of occurrence of the last discriminatory/retaliatory act(s). Plaintiffs have also timely filed this complaint within ninety (90) days of the receipt of Notices of Right To Sue issued by the E.E.O.C. (See attached Notices of Rights).

## FACTS AND CLAIMS

8. Plaintiffs are African-Americans.

9. At all times relevant hereto, Mr. Frank Snow was the manager over all Plaintiffs. Mr. Snow is not African-American. During the relevant time period that Mr. Snow had supervisory responsibilities for labs at OTK, he had significant discretionary input into personnel matters. During that time, African-American employees under his supervision did not receive permanent promotions received by others who were not African-American, African-Americans were not hired to work under Mr. Snow, African-American employees of OTK were not transferred to work under his supervision, and all the African-American employees in the Melt Shop Laboratory were terminated with Mr. Snow's discretionary input, and throughout the scope of his management of Defendant's labs the African-American employees under his supervision were reduced in absolute numbers, reduced in positions of responsibility and received less pay.

10. Throughout their employment under Mr. Snow's management, Plaintiffs were all discriminated against in the terms and conditions of their employment on the basis of their race. This discrimination included their work assignments, work schedules, training opportunities, pay, and promotions. Each Plaintiff was also terminated due to their race and/or in retaliation for complaining about unlawful discrimination. Plaintiffs James Jones, Myron Williams, Kenneth Petty, and Jamie Wiggins were all terminated based on the false and pretextual allegations that they falsified data or documentation.

## COUNT I -   RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII

11. Plaintiffs reallege and incorporate by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12. As described above, OTK intentionally and maliciously discriminated against Plaintiffs on the basis of Plaintiffs' race, African-American.

13. All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of Plaintiffs.

14. As the result of OTK's conduct, Plaintiffs were deprived of income and other benefits due them. Plaintiffs also suffered embarrassment, humiliation, inconvenience, and mental distress.

15. Plaintiffs are suffering and will continue to suffer irreparable injury from OTK's unlawful conduct as set forth herein unless enjoined by this Court.

16. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, front pay, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

## COUNT II -   RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981

17. Plaintiffs reallege and incorporate by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail hereinbelow.

18. As described above, OTK intentionally and maliciously discriminated against Plaintiffs in their terms and conditions of employment, and by terminating their employment, at least in part, on the basis of Plaintiffs' race, African-American.

19. All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of Plaintiffs.

20. OTK is liable under 42 U.S.C. § 1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

21. Plaintiffs suffered damages as a proximate result of these violations, which were caused by OTK's policy or custom to allow racial discrimination, and/or by OTK's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by OTK's deliberate indifference to Plaintiffs' federally protected rights and/or by deliberate indifference to those violations.

22. OTK violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

23. As the result of OTK's conduct, Plaintiffs were deprived of income and other benefits due them. Plaintiffs also suffered embarrassment, humiliation, inconvenience, and mental distress.

24. Plaintiffs are suffering and will continue to suffer irreparable injury from OTK's unlawful conduct as set forth herein unless enjoined by this Court.

25. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, front pay, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

### COUNT III - RETALIATION IN VIOLATION OF TITLE VII

26. Plaintiffs re-allege and incorporate by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail hereinbelow.

27. Plaintiffs made good faith and reasonable complaints of race discrimination and retaliation against OTK, and/or opposed race discrimination and retaliation by OTK. Specifically, Plaintiffs all complained that raises had been given to non-African-American employees but not Plaintiffs.

28. Thereafter Plaintiffs were retaliated against because of their opposition to discrimination by being subjected to a retaliatory hostile work environment, being subjected to unwarranted discipline, being denied promotional opportunities, being denied pay raises and ultimately being terminated from their employment.

29. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiffs.

30. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

31. Plaintiffs are now suffering, and will continue to suffer irreparable injury from OTK's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT IV - RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

32. Plaintiffs re-allege and incorporate by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail hereinbelow.

33. As set out above, Plaintiffs made good faith and reasonable complaints of race discrimination and retaliation, opposed race discrimination and retaliation against OTK.

34. Thereafter Plaintiffs were retaliated against because of their opposition to discrimination by being subjected to a retaliatory hostile work environment, being subjected to unwarranted discipline, being denied promotional opportunities and being terminated from their employment.

35. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiffs.

36. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

37. Plaintiffs are now suffering, and will continue to suffer irreparable injury from OTK's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT V -  DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

38. Plaintiff Sharon Walker realleges and incorporates by reference paragraphs 1 through 37 above with the same force and effect as if fully set out in specific detail herein below.

39. In January 2017, Ms. Walker was in a car accident which damaged her spine, particularly at the C-5 level. She returned to work immediately but continued to see doctors, and physical therapists for treatment. In April 2019, Ms. Walker's doctor assigned a lifting restriction of no more than 20 pounds and Ms. Walker worked in the Melt Shop Lab until her doctor performed surgery on August 8, 2019. On November 4, 2019, Ms. Walker's doctor released Ms. Walker to go back to work on light duty with a restriction of lifting no more than 20 pounds. OTK then required Ms. Walker to see a doctor designated by OTK and that doctor agreed that the lifting restriction needed.

40. As a result of her permanent lifting restrictions, Ms. Walker was a qualified individual under the Americans with Disabilities Act (as amended) because of her known disability and/or perceived disability and/or history of a being a person with a disability.

41. Ms. Walker was a person with a disability, has a history of disability and/or was perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706.

42. Despite Ms. Walker's disability, with or without reasonable accommodations, she was able to perform the essential functions of her job. OTK failed to engage in an interactive

process to assess what reasonable accommodations would enable Ms. Walker to return to work in violation of the ADA.

43. OTK failed and refused to return Ms. Walker to the duties she had previously performed within the same lifting restrictions. OTK failed and refused to return Ms. Walker to positions within its labs which required essentially no lifting. And then OTK terminated Ms. Walker's employment.

44. Ms. Walker was subjected to unlawful discrimination by OTK based on her disability and/or perceived and/or record of a disability including, but not limited to, being denied reasonable accommodations and by being terminated.

45. At the time of this unlawful activity OTK had knowledge that Ms. Walker suffered from an actual or perceived disability and/or had a record of a disability.

46. OTK, by its discriminatory treatment of Ms. Walker, has intentionally, willfully, with deliberate indifference and without justification deprived her of her federally protected rights, as described herein. This deprivation violates Ms. Walker's rights under the Americans with Disabilities Act.

47. OTK intentionally, maliciously, and with reckless indifference to Ms. Walker's federally protected rights discriminated against her based upon her disability and/or perceived disability and/or record of a disability in the terms, conditions, benefits of her employment including, but not limited to, denying her reasonable accommodations and by terminating her employment.

48. Ms. Walker seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, injunctive relief and a declaratory judgment. Ms. Walker is now suffering and will continue to suffer irreparable injury from OTK's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT VI - INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

49. Plaintiff Sharon Walker realleges and incorporates by reference paragraphs 1 through 48 above with the same force and effect as if fully set out in specific detail herein below.

50. As set forth above, Ms. Walker was an eligible employee under the FMLA in that she worked for more than 12 months, had worked more than 1250 hours of service within the preceding 12 months, and had worked at a location where at least 50 employees were employed.

51. As an eligible employee, Ms. Walker was entitled to be restored to her position or an equivalent position when she was released to return to work by her doctor, but OTK refused. This refusal violated the FMLA. § 29 U.S.C. 2614(a)(1).

52. OTK terminated Ms. Walker's employment, also denying or otherwise interfering with Plaintiff's substantial rights under the FMLA to take FMLA leave to which she was entitled under the Act.

53. OTK intentionally, maliciously, and/or with reckless indifference interfered with Ms. Walker's rights under the FMLA.

54. Ms. Walker is now suffering and will continue to suffer irreparable injury from OTK's unlawful policies and practices as set forth herein unless enjoined by this Court.

55. OTK's unlawful actions against Ms. Walker, as set out above, were not made in good faith, nor did Defendant have any reasonable grounds for believing that such acts were not a violation of her federally protected rights.

56. Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, injunctive relief and a declaratory judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of OTK are violative of the rights of Plaintiffs, as secured by Title VII, and 42 U.S.C. § 1981.

b. Grant Plaintiffs a permanent injunction enjoining OTK, its agents, successors, employees, attorneys and those acting in concert with OTK and at OTK's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," and 42 U.S.C. § 1981.

c. Grant Plaintiffs an order requiring OTK to make them whole by awarding each of them reinstatement into the position he or she would have occupied in the absence of racial discrimination and/or retaliation by OTK with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding Plaintiffs compensatory, liquidated, punitive, and/or nominal damages.

d. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of OTK are violative of the rights of Plaintiff Sharon Walker as secured by the Americans with Disabilities Act and / or Family Medical Leave Act

e. Grant Plaintiff Sharon Walker a permanent injunction enjoining OTK, its agents, successors, employees, attorneys and those acting in concert with OTK and at OTK's request from continuing to violate the Americans with Disabilities Act and / or Family Medical Leave Act.

f. Grant Sharon Walker an order requiring OTK to make her whole by awarding reinstatement into the position she would have occupied in the absence of OTK's unlawful conduct

with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding compensatory, punitive, and/or nominal damages.

   g. Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE BY A JURY.**

          Respectfully submitted,

          /s/ Richard W. Fuquay
          RICHARD W. FUQUAY (FUQUR6214)
          FUQUAY LAW FIRM
          1206 Dauphin Street
          Mobile, Alabama 36604
          Telephone: (251) 473-4443
          Facsimile: (251) 432-8885
          E-mail: rwf@fuquaylawfirm.com

          /s/ Ian D. Rosenthal (with express permission)
          IAN D. ROSENTHAL (ROSEI6905)
          HOLSTON, VAUGHAN & ROSENTHAL, LLC
          211 South Cedar Street
          Mobile, AL 36602
          idr@holstonvaughan.com

          Attorneys for Plaintiff

<u>Defendant's Address:</u>
Outokumpu Stainless USA, LLC
c/o Registered Agent
CORPORATION SERVICE COMPANY INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104